UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KEVIN LIBURD,

                              Plaintiff,    **COMPLAINT**

      -against-

THE CITY OF NEW YORK; COMMISSIONER    07 Civ. 9426 (AKH) (DFE)
RAYMOND W. KELLY; CAPTAIN KRESH; and POLICE
OFFICER JOHN DOES # 1-9; the individual defendants    Jury Trial Demanded
sued individually and in their official capacities,

                              Defendants.

------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  The claims arise from an incident, which occurred on or about December 8, 2006.  During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, conspiracy, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Kevin Liburd is a citizen of the state of New York, county of Kings.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York which violated plaintiff's rights as described herein.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Captain Kresh is a captain employed with the 9th Precinct of the New York City Police Department located in New York, New York, who violated plaintiff's rights as described herein.

9. Defendant Police Officer John Does # 1-9 are New York City Police Officers employed with the 9th Precinct of the New York City Police Department located in New York, New York, who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

12. December 8, 2006, at approximately 12:45 p.m. in the vicinity of the 14th Street subway station stop of the Number 6 train, located in New York, New York, police officers, upon information and belief, assigned to the 9th Precinct, including defendants Captain Kresh and P.O. John Does # 1-9, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

13. December 8, 2006, at approximately 12:45 p.m. in the vicinity of the 14th Street subway station stop of the Number 6 train, located in New York, New York, police officers, upon information and belief, assigned to the 9th Precinct, including defendants Captain Kresh and P.O. John Does # 1-9, at times acting in concert and at times acting independently, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, falsely arrested plaintiff.

14. Once defendants approached plaintiff, plaintiff was not free to disregard the defendants' questions, walk way or leave the scene.

15. During the arrest of plaintiff, the defendants, including Captain Kresh and P.O. John Does # 1-9, maliciously, gratuitously, and unnecessarily grabbed plaintiff about the arms and wrists, punched plaintiff, twisted plaintiff's arms and wrists behind his back, and placed him a hold. Plaintiff was injured as a result of these acts. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

16. Thereafter, without probable cause, reasonable suspicion, or a search warrant, the plaintiff was searched by five different police officers at five separate times.

17. No weapons, contraband or narcotics were found during the above-described searches.

18. Indeed, after nothing was found during one of the first searches, one defendant officer told him to leave, and when he attempted to comply, he was maliciously, gratuitously, and unnecessarily punched by another defendant and detained again.

19. Further, during the entire process, plaintiff's arms and wrists were repeatedly twisted behind his back causing pain and discomfort. When plaintiff complained of the pain, in retaliation for plaintiff's free speech, the defendant police officers abused the plaintiff with vulgar language and derogatory comments. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. Defendant Captain Kresh was present during the above incidents, and supervised, and approved the actions of the defendant police officers.

21. Thereafter, plaintiff was permitted to leave without the initiation of legal process.

22. The individual defendants acted in concert committing these illegal acts against plaintiff.

23. Plaintiff did not resist arrest at any time during the above incidents.

24. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

25. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

26. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

27. The aforesaid events were not an isolated incident. Defendants Commissioner Raymond W. Kelly and Captain Kresh have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Commissioner Raymond W. Kelly and Captain Kresh are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly and Captain Kresh have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

28. Moreover, Commissioner Raymond W. Kelly and Captain Kresh were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner

Raymond W. Kelly and Captain Kresh have retained these officers, and failed to adequately train and supervise them.

29. As a result of defendants' actions plaintiff experienced personal and physical injuries (including bruises, contusions, and swelling), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

30. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

31. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, conspiracy, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

32. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing false arrest and imprisonment, excessive force, unlawful search and seizure, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, conspiracy, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

33. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

34. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

35. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37. Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

38. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the

present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

39. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

40. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at their Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

41. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

42. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. The City of New York directly caused the constitutional violations suffered by plaintiff.

45.     Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

46.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence.  Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

47.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

48.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

49.     Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
October 19, 2007

MICHAEL OLIVER HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL O. HUESTON (MH-0931)

MICHAEL P. KUSHNER (MK-6117)
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 378-4326
mkushne@blanch-law.com