NOV 13 2007
ALVIN ... TEIN

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AMY N. OKEREKE
*Assistant Corporation Counsel*
(212) 788-9790
(212) 788-9776 (fax)
aokereke@law.nyc.gov

November 13, 2007

**BY FAX**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

      Re:    <u>Kevin Liburd v. City of New York, et al.</u>
              07 Civ. 9426 (AKH)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and Raymond Kelly. Defendants respectfully request that their time to respond to the complaint in this action be extended for sixty days from November 13, 2007 to January 14, 2008.[1] Plaintiff's counsel consents to this request.

        Plaintiff alleges that he was falsely arrested, illegally searched, and subjected to excessive force following an incident on December 8, 2006, in which plaintiff claims he was arrested by New York City Police Officers. An enlargement of time will give this office the opportunity to investigate these allegations in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. This executed release is necessary for our office to obtain the District Attorney,

---

[1] There is no indication whether the individually named defendant Captain Kresh has been served with the summons and complaint. As of this date, no request for representation has been received with respect to this individual nor does the docket sheet indicate service on this defendant. Without appearing on his behalf, it is respectfully requested that, if he has been served, the same extension be granted to him in order to ensure that his defenses are not jeopardized while representation issues are being decided.

Criminal Court, and police records pertaining to plaintiff's underlying arrest and prosecution. This office is also in the process of forwarding to plaintiff for execution a medical release, which is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injury and treatment.

Furthermore, assuming plaintiff effects timely service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent this individual. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension or adjournment has been made in this action. Accordingly, defendants respectfully request that their time to respond to the complaint be extended to January 14, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Amy N. Okereke (AO 3250)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Michael O. Hueston, Esq., attorney for plaintiff (via fax)