UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

KEVIN LIBURD,

                                 Plaintiff,

               -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; CAPTAIN KRESH; and
POLICE OFFICER JOHN DOES # 1-9; the individual
defendants sued individually and in their official capacities,

                               Defendants.

---------------------------------------------------------------------- x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND KELLY**

07 Civ. 9426 (AKH)

Jury Trial Demanded

        Defendants City of New York and Raymond W. Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein, that a document purporting to be a Notice of Claim was received by the Comptroller's Office of

---

[1] On information and belief, the individual identified in the caption as "Captain Kresh" has not been served with the summons and complaint. A review of the Court's docket sheet does not reflect service on this individual.

the City of New York on or about December 20, 2006, that this purported claim has not been settled or adjusted, and that plaintiff's complaint was filed on or about October 22, 2007.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

7.    Deny the allegations set forth in paragraph "7" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the New York City Police Department.

8.    Deny the allegations set forth in paragraph "8" of the complaint.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identities or assignments of the John Doe defendants.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12.    Deny the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Paragraph "49" of the complaint sets forth a legal conclusion, rather than an averment of fact, and accordingly, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51.     Defendants have not violated any rights, privileges or immunities under the Constitution, laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

53.     Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

54.     There was reasonable suspicion and/or probable cause for any arrest, detention, or search of plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

55.     At all times relevant to the acts alleged in the complaint defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

56.     Defendant Raymond W. Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

57.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials acted reasonably in the proper and lawful exercise of their discretion.  As a result, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

58.     Raymond W. Kelly had no personal involvement in the allegations alleged in the complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

59.     Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendants City of New York and Raymond Kelly request judgment dismissing the complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             January 14, 2008

                             MICHAEL A. CARDOZO
                             Corporation Counsel of the
                               City of New York
                             Attorney for Defendants City of New York and
                             Raymond W. Kelly
                             100 Church Street, Room 3-137
                             New York, New York 10007
                             (212) 788-9790

                             By:                      /s/
                                      Amy N. Okereke
                                      Assistant Corporation Counsel


To:     Michael O. Hueston, Esq.
       *Attorney for Plaintiff*
       350 Fifth Avenue, Suite 4810
       Empire State Building
       New York, New York 10118 (via E.C.F. and first class mail)

       Michael P. Kushner, Esq.
       *Attorney for Plaintiff*
       55 Broad Street, 19th Floor
       New York, New York 10004 (via E.C.F. and first class mail)

Index No. 07 Civ. 9426 (AKH)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN LIBURD,

                                                        Plaintiff,

                        -against-

THE   CITY   OF   NEW   YORK;   COMMISSIONER
RAYMOND W. KELLY; CAPTAIN KRESH; and POLICE
OFFICER JOHN DOES # 1-9; the individual defendants sued
individually and in their official capacities,

                                                        Defendants.

---

**ANSWER ON BEHALF OF DEFENDANTS CITY OF
NEW YORK AND RAYMOND W. KELLY**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*and Raymond W. Kelly*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Amy N. Okereke*
*Tel:  (212) 788-9790*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................................,200*

*.................................................................... Esq.*

*Attorney for ........................................................................*

## DECLARATION OF SERVICE BY MAIL

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on January 14, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the addresses set forth below, being the addresses designated by plaintiff for that purpose:

Michael O. Hueston, Esq.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
Empire State Building
New York, New York 10118

Michael P. Kushner, Esq.
*Attorney for Plaintiff*
55 Broad Street, 19th Floor
New York, New York 10004

Dated:    New York, New York
          January 14, 2008

                          _____/s/_____
                          AMY N. OKEREKE
                          ASSISTANT CORPORATION COUNSEL